UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**CASE NO.: 12-CV-80210-DMM**

ARNOLD GREENFIELD,

    Plaintiff,

vs.

PAPA JOHN'S USA, INC.,

    Defendant.
_____/

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Papa John's USA, Inc. ("Papa John's") serves its Answer and Affirmative Defenses to the Complaint of Plaintiff Arnold Greenfield ("Plaintiff"), and in support states:

    1.    Papa John's admits Plaintiff purports to bring an action for damages but denies that there is any factual or legal basis for such action.

    2.    Papa John's is without sufficient knowledge to respond to the allegations contained in paragraph 2, and therefore said allegations are denied.

    3.    Admitted.

    4.    Papa John's admits Levy Costa was an employee of Papa John's.  Papa John's is without sufficient knowledge to respond to the remaining allegations contained in paragraph 4, and therefore said allegations are denied.

    5.    Papa John's is without sufficient knowledge to respond to the allegations contained in paragraph 5, and therefore said allegations are denied.

## COUNT I
## NEGLIGENCE CLAIM AGAINST PAPA JOHN'S USA, INC.

6. Papa John's re-alleges and incorporates by reference the responses to allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

**WHEREFORE** Papa John's requests that the Court enter judgment in its favor, that Plaintiff take nothing from this action, that the Court award Papa John's its costs for this action and that the Court grant such further and other relief as it deems just and proper.

## JURY TRIAL DEMAND

Papa John's demands a trial by jury as to all issues so triable.

## AFFIRMATIVE DEFENSES

Papa John's will rely on all defenses available to it at the time of trial of this matter and reserves the right to amend its Affirmative Defenses. For its Affirmative Defenses, Papa John's alleges as follows, without assuming the burden of proof where such burden is otherwise on Plaintiff:

1. Any damages awardable to Plaintiff, which Papa John's specifically denies is merited here, must be reduced in accordance with § 768.81 Fla. Stat., due to Plaintiff's comparative fault. Plaintiff failed to cross the street at a designated cross walk and failed to cross the street in a reasonably and prudent manner by not awaiting for an

appropriate pedestrian traffic signal giving pedestrians the right of way to cross the street.

2. Any damages awardable to Plaintiff, which Papa John's specifically denies is merited here, must be reduced in accordance with § 768.81 Fla. Stat., due to Plaintiff's comparative fault. Plaintiff was under the influence of alcohol and/or other controlled substances at the time Plaintiff attempted to cross the street.

3. Any damages awardable to Plaintiff, which Papa John's specifically denies is merited here, must be reduced in accordance with § 768.81 Fla. Stat., due to Plaintiff's comparative fault. Plaintiff saw Levy Costa's oncoming automobile, looked directly at Mr. Costa and pointed in Mr. Costa's direction, and nonetheless entered the street despite knowing Mr. Costa's presence in oncoming traffic.

4. Any damages awardable to Plaintiff, which Papa John's specifically denies is merited here, must be reduced in accordance with § 768.81 Fla. Stat., due to Plaintiff's comparative fault. Plaintiff failed to yield to Levy Costa's oncoming automobile despite Mr. Costa having the right of way in accordance with the applicable traffic laws and ordinances.

5. Any damages awardable to Plaintiff, which Papa John's specifically denies is merited here, must be reduced in accordance with § 768.81 Fla. Stat., due to Plaintiff's comparative fault. Plaintiff did not exercise ordinary care, caution, or prudence for his own safety or protection, and the resultant damages sustained by Plaintiff was proximately contributed to and caused by said carelessness and negligence, thus barring or diminishing Plaintiff's recovery against Papa John's.

6.  Any damages awardable to Plaintiff, which Papa John's specifically denies is merited here, must be reduced in accordance with § 768.31, Fla. Stat., because any injury Plaintiff allegedly suffered was caused in whole or in part by a third party.

7.  Any damages awardable to Plaintiff, which Papa John's specifically denies is merited here, must be reduced in accordance with § 768.31, Fla. Stat., by any amounts which Plaintiff has recovered from third parties.

8.  Plaintiff voluntarily assumed the risk of the activities alleged in the Complaint, and the resultant damages sustained by Plaintiff was proximately caused or contributed to by such voluntary assumption of the risk.

9.  Any damages awardable to Plaintiff, which Papa John's specifically denies is merited here, must be reduced because any injury Plaintiff allegedly suffered was caused in whole or in part by a pre-existing condition which is not attributable to the automobile incident alleged in Plaintiff's Complaint.

## **RESERVATION OF RIGHTS**

Papa John's hereby reserves the right to bring any counterclaims, crossclaims, or additional affirmative defenses the bases of which discovery reveals and, to the extent necessary, hereby moves for an enlargement of time to do so in accordance with FED. R. CIV. P. 6(b).

DATE: March 8, 2012

          **GREENBERG TRAURIG, P.A.**
          Attorneys for Papa John's USA, Inc.
          777 S. Flagler Dr., Suite 300
          West Palm Beach, FL 33401
          Telephone: (561) 650-7922
          Facsimile: (561) 655-6222

By: s/ C. Wade Bowden
     C. Wade Bowden
     Florida Bar No. 0090735
     E-Mail Address: bowdenw@gtlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 8th, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          s/ C. Wade Bowden
          C. Wade Bowden

<u>Greenfield v. Papa John's USA</u>
Case No. 12-CV-80210-DMM
Defendant's Answer & Affirmative Defenses
Page 6 of 6

# SERVICE LIST

**Arnold Greenfield v. Papa John's USA, Inc.**
**Case No. 12-CV-80210-DMM**
**United States District Court, Southern District of Florida**

David H. Gold
Gold & Gold, P.A.
5295 Town Center Road
Suite 300
Boca Raton, Florida  33486
Telephone: (561) 416-2882
Facsimile:   (561) 416-2113
Service by CM/ECF